UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMINE REGINA and LUIGINA
GUIDO,

    Plaintiffs,

v.                        Case No: 6:13-cv-1877-Orl-28DAB

LEONE ALFANO, VALERIE ALFANO,
VIKTORIYA JOHNSON, RASUL
ATAKOV, GOLDEN INVESTMENTS,
INC., and ORLANDO TRUST
PROPERTIES, INC.,

    Defendants.

## ORDER

Plaintiffs Carmine Regina and Luigina Guido brought this case, alleging fraud, conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act, the Florida Criminal Practices Act, and the Florida Deceptive and Unfair Trade Practices Act. (Compl., Doc. 1). In the Complaint, Plaintiffs allege that Defendants Valerie Alfano,[1] Rasul Atakov, and Victoriya Johnson ("Moving Defendants") defrauded Plaintiffs, "provide[d] logistical support to the corporate defendants . . . in furtherance of a scheme to defraud," furthered fraudulent representations made by another defendant, and acted as an authorized agent for the corporate Defendants. (Id. ¶¶ 15, 18, 34, 41-42). This case is before the Court on a motion to dismiss or in the alternative for a more definite statement

---

[1] While the Complaint names Valerie Alfano as a defendant, it sometimes refers to Valeria Alfano. The Moving Defendants' motion to dismiss also refers to Valeria Alfano. The Court will refer to this defendant as Valerie Alfano, as stated at the beginning of the Complaint.

filed by Moving Defendants. (Doc. 12). The Court has considered Moving Defendants' motion and Plaintiffs' responses. (Docs. 14 & 15). Because Plaintiffs have met the pleading standards, the motion must be denied.

Moving Defendants argue that the case should be dismissed because they had no interactions with Plaintiffs. (Doc. 12 ¶ 1). They allege that Defendant Valerie Alfano does not participate in any of the activities of either corporate defendant and has not met Plaintiffs. (Id. ¶ 2). They further allege that Defendants Atakov and Johnson, though employees of the corporate Defendants, "have not participated in any transaction between the corporate defendants and the Plaintiffs, except maybe if at some point [sic] had to do work within the scope of their duties as employees of the corporate defendants." (Id. ¶ 3).

Moving Defendants' argument is misplaced for the purposes of a motion to dismiss. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citations and internal quotations omitted) (alteration in original).

Moving Defendants do not argue that if the factual matter alleged in the Complaint is accepted as true the Complaint fails to state a claim to relief that is plausible on its face or that the Complaint fails to state with particularity the circumstances constituting fraud. Moreover, they fail to specifically point out any pleading deficiencies in Plaintiffs' Complaint. Moving Defendants instead appear to disagree with Plaintiffs about the relevant facts and argue that certain facts as stated in the Complaint are untrue. This is a matter to be decided at summary judgment or trial, not on a motion to dismiss. For this reason, Moving Defendants' motion to dismiss must be denied.

Moving Defendants request, in the alternative, that the Court order a more definite statement. (Doc. 12). Moving Defendants fail to point to specific portions of the Complaint that are unclear, and they state only that they request a "more definite statement as to their individual participation, responsibility, liability or relation to the facts of this matter." (Id. ¶ 4).

Moving Defendants' request for a more definite statement is also misplaced. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

response." Fed R. Civ. P. 12(e). The Complaint is not so vague or ambiguous that Moving Defendants cannot reasonably prepare a response. The Complaint specifically lists the transactions at issue, including the dates and the plaintiff involved. This sufficiently puts Moving Defendants on notice so they can prepare a defense. Moving Defendants have failed to identify any specific vague or ambiguous statements they would like clarified. For these reasons, Moving Defendants' motion for a more definite statement must be denied.

Accordingly, it is **HEREBY ORDERED AND ADJUDGED** that Moving Defendants' Motion to Dismiss or in the Alternative to More Definite Statements (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 22, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record